J-S27017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDRE LAMONT PARKER | : | |
| | : | |
| Appellant | : | No. 1577 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 1, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000886-2023

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                 **FILED AUGUST 27, 2025**

Andre Parker appeals from the judgment of sentence, imposing 14 to 24 years of incarceration and 4 subsequent years of probation, after a jury convicted him of burglary, criminal trespass, and theft of secondary metal.[1] Parker claims there was insufficient evidence to support his 14 convictions of criminal trespass.  We disagree and affirm.

In the dark of night on 14 different dates in early 2023, (January 2; January 7; January 9; January 22; January 27; January 30; February 3; February 4; February 10; February 19; February 25; March 2; March 4; and March 11), Parker went to the closed, commercial property or Metallurgic Products Co.  He slipped through a locked gate in the fence and entered a building by an emergency-exit door.  Metallurgic Products' employees had

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(ii), and 3935.1.

locked the emergency-exit door, and they believed it was secure. However, due to a defective latch, Parker was able to "pull on the door, and it popped open . . . ." N.T., 2/20/24, at 63-64. Once inside the building, he repeatedly stole copper from the company.

During the March 11, 2023 burglary, the police caught Parker in the act. They arrested him. A jury convicted Parker, and the trial court sentenced him as described above. This timely appeal followed.

Parker raises one issue. He asks, "Was [the] evidence sufficient on 14 counts of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii) . . . to show [he] 'broke into' the metallurgical facility?" Parker's Brief at 3.

Parker claims there was no evidence from which a jury could reasonably find that he used force to enter the metallurgical facility. *See* Parker's Brief at 16. His argument focuses entirely upon his entry of the land, rather than his entry into the building where Metallurgic Products stored its cooper. In Parker's view, because the investigating detective repeatedly described his entry of the land as "slipping through the gate or fence," he did not forcibly trespass. *See id.* at 17. As we explain, Parker's entry of the land is irrelevant to this issue.

"In reviewing the sufficiency of the evidence, we examine whether the evidence presented and admitted at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Murray*, 83 A.3d 137, 150–51 (Pa. 2013). "Whether

sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo*, and our scope of review is plenary." ***Id.*** at 151.

A person is guilty of criminal trespass when he, "knowing that he is not licensed or privileged to do so, . . . breaks into ***any building*** . . . ." 18 Pa.C.S.A. § 3503(a)(1)(ii) (emphasis added). Thus, the critical, attendant circumstance for criminal trespass to occur is that the trespass break into a ***building***, not the land of another. Whether Parker "broke into" Metallurgic Products' building does not concern how he breached its gate and fence. Thus, his argument regarding how he "slipped" through the gate is irrelevant.

Regarding Parker's entry of the building, he forced open an emergency-exit door that Metallurgic Products had locked. The company did not know that its lock could be circumvented by pulling on the door from the outside. ***See*** N.T., 2/20/24, at 63-64. Parker took advantage of this vulnerability in Metallurgic Products' security by pulling on the locked door from the outside and popping it open.

We hold that Parker's use of force to pull on the locked door and popping it open constitutes "entry by force," as that phrase is used in 18 Pa.C.S.A. § 3503(a)(3). From this description of how the locked door could be pried open, the jury could logically infer that Parker had to pull the door with enough force to pop it free of its lock. Hence, his acts on the 14 dates that he entered Metallurgic Products' building met the definition of "breaks into" as that term is defined in subsection (a)(3) of the statute.

We dismiss Parker's appellate issue as meritless.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/27/2025